IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WOODARD BOWLEY #28050, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00307 |
| ) | |
| SHERIFF JOHN FUSON, et al., ) | Judge Campbell |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff Woodard Bowley, an inmate or detainee of the Montgomery County Jail in Clarksville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Jail and the county Sheriff John Fuson. The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

**II.     Factual Allegations**

Plaintiff complains about a lengthy laundry list of general conditions at the jail that he finds unpleasant or uncomfortable. Those conditions include general uncleanliness of facilities (including mold and insects), clothes and bedding; food that is improperly prepared, stale and in small portions; rumored mice and roaches in kitchen; unnecessary strip searches; cells without fire sprinklers; limited telephone access to call attorneys; inability to receive visits from convicted felons; being required to clean during recreation time; no access to bathroom during recreation; delay in repairing leaky toilet; required to eat on bed, floor or toilet because no tables are provided; jailers put chemicals on food carts; drafty, leaky windows; unnecessary placement on maximum security; and lack of programs for Tennessee Department of Correction inmates. The only actual harm Plaintiff alleges as the result of any or all of these conditions is that cold drafts from windows causes one to "get sick just sleeping in bunk."

As defendants to his action, Plaintiff names Sheriff John Fuson (in his individual capacity only) and the Montgomery County Jail. He seeks injunctive relief and unspecified amounts of nominal, compensatory and punitive damages.

## III. Discussion

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that the conditions he describes violate his right to be free from cruel and unusual punishment under the Eighth Amendment. To state an Eighth Amendment claim based on allegedly unsafe or unhealthy prison conditions, a plaintiff must allege facts showing that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component of this standard requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived the facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* (quoting *Farmer*, 511 U.S. at 838) (emphasis in *Comstock*).

In this case Plaintiff has not alleged any personal involvement by Sheriff Fuson sufficient to satisfy that standard. Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability"). Plaintiff does not allege any facts that would establish that Sheriff Fuson is personally involved in or even aware of and disregarding any of the issues about which Plaintiff complains. Accordingly, the complaint fails to state a claim

against Sheriff Fuson for which relief can be granted.

The only other defendant to this action is the Mongtomery County Jail itself. But it is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Because Plaintiff has not claimed that the alleged violations at the jail are carried out under the authority of an unconstitutional policy or custom adopted by the county, he would not state a claim against Montgomery County even if he named the county as a defendant in lieu of the jail. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). Plaintiff's suit, therefore, fails to state a claim under § 1983 against either named defendant.

## IV. CONCLUSION

For the reasons set forth herein, this action will be DISMISSED with prejudice for failure to state a claim upon which relief can be granted. An appropriate order is filed herewith.

Todd Campbell
United States District Judge